IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN P. PIERCE AS TRUSTEE
OF THE STEVEN PIERCE TRUST
DATED APRIL 14, 2000,

        *Plaintiff,*

vs.

        Case No. 6:19-CV-01245-EFM-GEB

STATE FARM FIRE AND CASUALTY
COMPANY,

        *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Steven P. Pierce as trustee of the Steven Pierce Trust Dated April 14, 2000 ("the Trust") brings this suit against State Farm Fire and Casualty Company for breach of contract. The Trust alleges that State Farm refused to pay for loss to the Trust's property covered by the Trust's insurance contract with State Farm. Before the Court is State Farm's Motion for Summary Judgment (Doc. 27) and the Trust's Cross-Motion for Summary Judgment (Doc. 32). For the reasons stated below, the Court grants State Farm's Motion for Summary Judgment and denies the Trust's Cross-Motion.

    **I.**    **Factual and Procedural Background[1]**

---

[1] In accordance with summary judgment procedures, the Court has laid out the uncontroverted material facts in the light most favorable to the non-moving party.

In 1982, the Trust purchased property located in El Dorado, Kansas. On or about May 19 and 20, 2019, the property was insured under a Farm/Ranch Policy of Insurance with State Farm. The policy provided coverage of farm buildings and structures with a potential building limit of insurance of $141,400, but did not cover any loss to the property caused by collapse, absent purchase of additional coverage. The policy did, however, cover loss to personal property caused by collapse of the structure.

Sometime in the late evening on May 19 or in the early morning on May 20, 2019, the weight of rainwater on the roof of the insured property caused the roof to collapse. The collapse caused damage to the property's roof and roof trusses, detachment of lath and plaster from the property's ceilings and walls,[2] detachment of tin ceiling tiles, and swelling and buckling of the oak floor. The Trust then sought payment for its losses caused by the collapse. State Farm denied the claim, and the Trust filed suit against it. Now before the Court are the parties' cross motions for summary judgment.[3]

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered

---

[2] Both parties refer to "lathe and plaster" ceiling and wall coverings throughout their briefing. The Court presumes based on the parties' descriptions of the material that the parties are referring to *lath* and plaster ceiling and wall coverings. The Court will therefore refer to "lath and plaster" ceiling and wall coverings throughout this Order.

[3] Although the Trust filed its Motion for Leave to File Second Amended Complaint on September 22, 2020, the Court has not yet ruled on that motion. The Court will therefore not consider the allegations therein for purposes of this Order, nor does it rule on the merits of that motion herein.

[4] Fed. R. Civ. P. 56(a).

evidence permits a reasonable jury to decide the issue in either party's favor.[5] The movant bears the initial burden of proof and must show the lack of evidence on the nonmovant's claim.[6] If the movant carries its initial burden, the nonmovant may not simply rest on its pleadings but must instead set forth specific facts showing a genuine issue for trial as to those matters for which it carries the burden of proof.[7] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits; conclusory allegations alone cannot survive a motion for summary judgment.[8] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[9]

Although the parties in this case filed cross-motions for summary judgment, the legal standard remains the same.[10] Each party retains the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.[11] Each motion will be considered separately.[12] To the extent the cross-motions overlap, however, the court may address the legal arguments together.[13]

### III.   Analysis

---

[5] *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citations omitted).

[6] *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citations omitted).

[7] *Id.* (citing *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).

[8] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[9] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[10] *City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1172 (D. Kan. 2008) (citation omitted).

[11] *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1382 (D. Kan. 1997) (citing *Houghton v. Foremost Fin. Servs. Corp.*, 724 F.2d 112, 114 (10th Cir. 1983)).

[12] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

[13] *Berges v. Standard Ins. Co.*, 704 F. Supp. 2d 1149, 1155 (D. Kan. 2010) (citation omitted).

State Farm and the Trust each argue for summary judgment in their respective favor. In its motion, State Farm asserted that (1) the policy does not cover damage to real property caused by collapse; and (2) the damaged roof, roof trusses, tin ceiling tiles, lath and plaster ceiling and wall coverings, and oak floors all constitute real property, and are therefore not covered under the policy. In its response, the Trust did not dispute any of State Farm's stated material facts, nor did it assert that the policy covered damage to real property caused by collapse. Instead, it argued only that the damaged flooring, ceiling tiles, and lath and plaster finishes all constitute personal property under Kansas law. Thus, there are no disputes of material fact and the Court may rule as a matter of law.

In Kansas, the tax code defines "real property" as "not only the land itself, but all buildings, fixtures, [and] improvements . . . appertaining thereto."[14] Further, it defines "personal property" as "every tangible thing which is the subject of ownership, not forming part or parcel of real property . . . ."[15] In analyzing whether personal property has become a fixture, Kansas courts have used the following test: "(1) the degree of permanency with which the property is attached to the realty; (2) the adaptation of that property to the use or purpose to which the realty is devoted; and (3) the intention of the property's owner to make the property a permanent accession to the freehold."[16] Although the Kansas Supreme Court has held that "whether a feature of real property is an improvement is generally a question to be resolved by the trier of fact, this is not true if the

---

[14] K.S.A. 79-102.

[15] *Id.*

[16] *City of Wichita v. Denton*, 296 Kan. 244, 294 P.3d 207, 217 (2013) (citation omitted).

-4-

evidence is 'susceptible to only one inference.' "[17]  Further, with the exception of trade fixtures, "[t]he general rule is that chattels affixed to real property become part of the realty."[18]

Here, the parties do not dispute any material facts relevant to any of the three prongs of the Kansas fixtures test.  In fact, the Trust concedes in its briefing that covering the interior walls and subfloor with finished surfaces and decorating the ceiling with tiles undoubtedly increases the integral value of the building and likely signifies adaptation to the use of the property.  It also does not dispute that the ceiling tiles, lath and plaster finishes, and oak floors were likely intended as permanent accessions to the freehold.  The Trust instead focuses its argument on the annexation prong of the fixtures test.

With regard to the permanency of the annexation, the parties agree that at the time of the roof collapse, the tin ceiling tiles and oak floors—like the property—were at least 100 years old, and Steven Paul Pierce, the Trust's trustee, has testified that he assumed the lath and plaster had been present since the year the property was built.[19]  The Trust argues, however, that because the lath and plaster, oak flooring, and tin ceiling tiles could be removed "without affecting the structural integrity of the building,"[20] they were not annexed to the property and therefore did not lose their identity as personal property.  This is an incorrect statement of Kansas law.  In *Stalcup*

---

[17] *Id.* (citations omitted); *see also City of Wichita v. Eisenring*, 269 Kan. 767, 7 P.3d 1248, 1259 (2000) ("We held that whether a piece of property is a fixture is a question of fact.  The general rule is that the status of a particular object is a mixed question of law and fact, and unless the facts are susceptible to only one inference, the question should be resolved by the trier of fact.") (citations omitted).

[18] *Id.* (citations omitted).

[19] Def.'s Ex. C, Doc. 28-3, at 4, Pierce Dep. 96:10-11.

[20] Pl.'s Resp. Br., Doc. 30, at 4.

*v. Detrich*[21]—cited by the Trust—a dispute arose as to whether a metal building constituted real or personal property. Although the court noted that the metal building, attached by metal bolts to a concrete slab, could be removed from the real property without damage to the real estate, the court's primary focus was on the intent prong of the fixtures test.[22]

There, the court held that where there had been an oral agreement that the building was personal property and where the party claiming the building was personal property had paid the entire cost of building construction and paid taxes and insurance separately from the real estate, there was "no question" that the original parties had intended that the building would remain personal property. Those facts are not applicable here. Moreover, the court did not hold that annexation does not exist where property can be removed without affecting the structural integrity of the building to which it is attached. Thus, *Stalcup* does not create a colorable claim that the tin ceiling tiles, lath and plaster finishes, and oak floors were not permanently annexed to the property.

Furthermore, like the property in issue here, the Kansas Court of Appeals has held that wall-to-wall carpet, vinyl flooring, and drywall all constitute real property.[23] In so holding, the court cited Kansas's adoption of the Uniform Commercial Code's definition of fixtures as "goods that have become so related to particular real property that an interest in them arises under real property laws."[24] Here, the parties agree that the disputed property had been affixed to the real property for at least 100 years, increased the integral value of the property, and was likely intended

---

[21] 27 Kan. App. 2d 880, 10 P.3d 3 (2000).

[22] *Id.* at 13–14.

[23] *State v. Reynolds*, 2005 Kan. App. Unpub. LEXIS 906, *7 (Kan. Ct. App. 2005).

[24] *Id.* (citing K.S.A. 2004 Supp. 84-9-102(a)(41)).

for the permanent use and enjoyment of the property's owner. The oak flooring, lath and plaster finishes, and tin ceiling tiles had therefore become "an integral part of the real estate"[25] and constitute real property under Kansas law.

Because the Trust has alleged only damage to real property as a result of the May 2019 roof collapse and because the Trust does not dispute that its insurance policy did not cover loss to real property caused by collapse, the Court concludes that summary judgment for State Farm is appropriate here. Further, because of these rulings, the Court need not consider the Trust's cross-motion for summary judgment and denies it as moot.[26]

**IT IS THEREFORE ORDERED** that State Farm's Motion for Summary Judgment (Doc. 27) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Trust's Cross-Motion for Summary Judgment (Doc. 32) is **DENIED.**

**IT IS SO ORDERED.**

Because a Motion to Amend remains pending in this matter, this case is not closed.

Dated this 8th day of February, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[25] *Id.* at *7–8.

[26] *See Taylor v. Sebelius*, 189 F. App'x 752, 756 n.3 (10th Cir. 2006) ("In addition, [Plaintiff] filed a cross-motion for summary judgment. The district court did not make a specific ruling on [Plaintiff's] motion. However, when the district court granted summary judgment in favor of Defendants, its decision necessarily denied [Plaintiff's] cross-motion for summary judgment.").