# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEVEN P. PIERCE AS TRUSTEE OF THE STEVEN PIERCE TRUST DATED APRIL 14, 2000,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 19-1245-EFM-GEB |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Objection to and Motion to Strike Plaintiff's Untimely Negligence Claim **(ECF No. 34)** and Plaintiff's Motion for Leave to File Second Amended Complaint **(ECF No. 37)**. After careful consideration of the parties' arguments and for the reasons set forth below, the undersigned U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS**[1] Defendant's motion to strike **(ECF No. 34)** be **GRANTED** and Plaintiff's motion for leave **(ECF No. 37) be DENIED**.

---

[1] As explained herein, the Court finds that Plaintiff's motion for leave to file an amended complaint should be denied. Because the denial of leave to amend in this instance has the same effect as an order dismissing a claim, the undersigned considers this a dispositive ruling. Therefore, the undersigned must issue a report and recommendation to the district judge. *See* 28 U.S.C. § 636(b)(1)(B); D. Kan. Rule 72.1.1(d); *see also Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008) (noting "when the magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, several courts have found such a ruling to be dispositive") (internal citations omitted))

## I.     Factual and Procedural Background[2]

Plaintiff Steven P. Pierce, as Trustee of the Steven Pierce Trust Dated April 14, 2000, was the owner of a building in El Dorado, Kansas, on May 19-20, 2019 when the roof of the property collapsed under the weight of rainwater. At the time of the collapse, the Trust property was insured under a Farm/Ranch Policy of Insurance with State Farm Fire and Casualty Company, a policy sold to Plaintiff by agent Valerie Bean.[3] When the Trust made a claim for its losses resulting from the collapse, State Farm denied the claim. Plaintiff filed this suit against Defendant State Farm in Butler County, Kansas District Court on August 9, 2019.

While still in Butler County District Court, Plaintiff amended his Petition. Defendant removed the case to this federal court on September 13, 2019. Since the inception of the case, Plaintiff has pursued a single claim against State Farm for breach of the insurance contract.

On November 12, 2019, the undersigned entered a Scheduling Order, setting a deadline of December 20, 2019 for the amendment of pleadings, a discovery deadline of August 21, 2020, and a pretrial conference for September 11, 2020. (ECF No. 16.) Neither party requested amendment of the schedule from the filing of the scheduling order until the eve of the pretrial conference.

---

[2] Unless otherwise indicated, the information recited in this section is taken from the Petitions (ECF Nos. 1-1, 3 at 9-11), the Answer (ECF No. 8) and from the briefing surrounding the pending motions (ECF Nos. 34, 37, 38, 40). This background information should not be construed as judicial findings or factual determinations.
[3] *See* Pl.'s Am. Initial Disclosures (dated Nov. 22, 2019) (maintained in Chambers file); *see also* Pl.'s Proposed Second Am. Complaint, ECF No. 37 at 5-6.

This matter proceeded without apparent dispute. Defendant sought written discovery from Plaintiff (*see* ECF Nos. 19-21, 23) and conducted two depositions, of Steven Pierce on May 20, 2020 and Kevin Stanfield,[4] on August 10, 2020. (ECF Nos. 22, 25, 29.) The docket reflects Plaintiff conducted no discovery; a fact which Defendant notes in its briefing and Plaintiff does not refute.

Defendant filed a motion for summary judgment on July 10, 2020, contending the policy at issue does not cover damage to real property caused by collapse; and the damaged roof, roof trusses, tin ceiling tiles, lath and plaster ceiling and wall coverings, and oak floors all constitute real property, and are therefore not covered under the policy. (Mem. & Order, ECF No. 41, at 4.) On July 29, 2020, Plaintiff responded to the motion with his own motion for summary judgment. (ECF No. 30, 32.) In Plaintiff's motion, he does not argue the policy covered damage to real property caused by collapse, but rather, argued "only that the damaged flooring, ceiling tiles, and lath and plaster finishes all constitute personal property under Kansas law." (ECF No. 41, at 4.)

On September 4, 2020, the parties submitted a proposed pretrial order to the undersigned by email.[5] In the proposed order, Plaintiff asserted a single legal claim of "reformation of the contract to provide coverage"—a claim not previously asserted.[6] The

---

[4] Kevin Stanfield is not a party to this action. The Court surmises, based on Plaintiff's Rule 26(a)(1) initial disclosures and amended disclosures, that Mr. Stanfield may possess information regarding the cost of repairs to the roof. Plaintiff's disclosures note "Stanfield Roofing . . . is knowledge[able] about the roof repaid [sic] to the building." (Pl.'s Initial Disclosures, dated Sept. 14, 2019; Pl.'s Am. Initial Disclosures, dated Nov. 22, 2019, maintained in Chambers file).

[5] Email from attorney Mark D. Ware to ksd_Birzer_chambers@ksd.uscourts.gov (dated Sept. 4, 2020 at 4:58 p.m.) (maintained in Chambers file).

[6] *See id*; parties' draft pretrial order (maintained in Chambers file).

3

proposed pretrial order did not contain a claim for breach of contract. On September 9, 2020, Defendant filed an objection to, and motion to strike, the new claim inserted into the parties' draft pretrial order. (ECF No. 34.)

During the scheduled pretrial conference held September 11, 2020, Plaintiff's counsel noted he was not abandoning his earlier claim, but Plaintiff's deposition testimony identified the agent who sold the insurance policy to Plaintiff and Defendant's motion for summary judgment alerted counsel to potential issues with the policy. In the event this was the wrong policy of insurance, as Defendant's motion for summary judgment argued, Plaintiff's counsel maintains agent Valerie Bean sold the wrong policy.[7] After this discussion, the undersigned continued the pretrial conference to permit the parties an opportunity to confer. (Order, ECF No. 36.) In response to Defendant's motion to strike and following the conference, Plaintiff filed the motion to amend his complaint (ECF No. 37) on September 22, 2020. The pretrial conference was then cancelled pending resolution of the pending motions. (ECF No. 39.)

On February 8, 2021, District Judge Eric F. Melgren decided the parties' opposing motions for summary judgment. The Court found, "Because the Trust has alleged only damage to real property as a result of the May 2019 roof collapse and because the Trust does not dispute that its insurance policy did not cover loss to real property caused by collapse, the Court concludes that summary judgment for State Farm is appropriate" and found Plaintiff's motion for summary judgment moot. (ECF No. 41 at 7.) At this time, the

---

[7] Chambers' notes of Sept. 11, 2020 conference (maintained in Chambers file).

only remaining issue in this matter is whether the Court should permit Plaintiff to amend his complaint to pursue a new claim.

## II. Pending Motions

Because resolution of Plaintiff's motion to amend will, in a practical sense, also decide Defendant's motion to strike, the Court analyzes the motions simultaneously.[8] Having reviewed the parties' briefing in its entirety, the Court is now prepared to rule on the issue of amendment.

### A. Legal Standards

#### 1. Fed. R. Civ. P. 16 – Good Cause

When a proposed amendment is offered after the deadline to amend pleadings has passed, Fed. R. Civ. P. 16(b)(4) is implicated, because the schedule itself is affected. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." When considering a motion to amend any pleading filed past the scheduling order deadline, "judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[9] In such cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[10] Only after finding good cause has been shown will

---

[8] *See, e.g.*, *Minter v. Prime Equipment*, 451 F.3d 1196, 1204 (10th Cir. 2006) (reviewing together the district court's order striking a claim from the pretrial order and the court's order denying plaintiff's motion to amend the complaint to add the same claim).

[9] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted). *See also Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC-ADM, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); and Fed. R. Civ. P. 16(b)(4)).

[10] *Carefusion 213*, 2010 WL 4004874, at *3.

the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.

"Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if it had acted with due diligence."[11] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[12] The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[13] A lack of prejudice to the nonmovant does not constitute "good cause."[14] In the context of a motion to amend to assert affirmative claims, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[15] But, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."[16]

The district court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed only for abuse of discretion.[17] If the Court finds Rule 16 is satisfied, the Court then analyzes the request for amendment under Fed. R. Civ. P. 15.

---

[11] *Id*.
[12] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM-KGS, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc*., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted)).
[13] *Id.*
[14] *Id.* (citing *Deghand*, 904 F. Supp. at 1221).
[15] *Farr*, 2020 WL 5118068, at *2 (citing *Gorsuch*, 771 F.3d at 1240; *Green v. Blake*, No. 18-2247-CM, 2020 WL 816016, at *2 (D. Kan. Feb. 19, 2020) (applying the same standard on a motion to amend an answer to assert affirmative defenses)).
[16] *Farr*, 2020 WL 5118068, at *2 (citing *Gorsuch*, 771 F.3d at 1240).
[17] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).

## 2. Fed. R. Civ. P. 15 – Factors for Amendment

The Rule 15 standard for permitting a party to amend his or her complaint is well established. In cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[18] Courts considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[19] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[20] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[21] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[22] With these standards in mind, this Court evaluates Plaintiff's motion.

---

[18] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[19] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[20] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[21] *Carefusion 213*, 2010 WL 4004874, at *4 (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[22] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

### B.     Arguments of the Parties

Plaintiff argues amendment is in the discretion of the Court, and he should be able to pursue his claim on the merits. (ECF No. 38 at 2.) Plaintiff contends none of the factors considered by the Court—futility, undue delay, undue prejudice to Defendant, or bad faith—are present here. Plaintiff further argues Defendant "knew or should have known that the actions of Valerie Bean would lead to another cause of action." And, Plaintiff contends he has no objection to Defendant continuing with discovery, and because Ms. Bean is an agent of Defendant's, they can discover information from her at any time, so there is no prejudice. (*Id*. at 3.)

Defendant argues Plaintiff fails to show good cause under Rule 16 for not meeting the scheduling order deadline to amend, and contends Plaintiff is applying an improper standard by attempting to shift the burden to Defendant to show prejudice. (ECF No. 40 at 5.) Defendant asserts claims appearing for the first time in a pretrial order are highly disfavored. It argues even if Plaintiff could show good cause under Rule 16, he cannot meet Rule 15's standard for amendment. It claims Plaintiff's request is unduly delayed, because Plaintiff should have known about the potential new cause of action at the time of Steven Pierce's deposition in May 2020. And, Defendant will be prejudiced by amendment because it has already conducted discovery for over a year, and the addition of this claim would require additional experts, depositions, discovery, and the addition of a new party. (*Id*. at 6-7.)

In the event Plaintiff is permitted to amend, Defendant contends the amendment should be treated as "a dismissal of the breach of contract claim and a refiling under the

8

same or similar facts based on a theory of negligence." (*Id*. at 8.) Because Defendant would suffer increased expenses and costs as a result of the amendment and failure to prosecute the original theory, Defendant maintains Plaintiff should pay costs, including attorney's fees, which "will not prove useful in the subsequent litigation." (*Id*.)[23] Defendant contends Plaintiff should be required to pay such costs prior to being permitted to amend under Rule 41(d).[24]

### C. Discussion

Because Plaintiff's motion to amend comes well after the December 20, 2019 deadline for amendment, Rule 16 is implicated. Plaintiff bears the burden to demonstrate good cause for the belated amendment. However, Plaintiff makes no effort to address this Rule 16 standard in his motion. Plaintiff does not offer any justification for his delay or address the delay at all. His only explanation is to point to what he considers a lack of prejudice to Defendant, because he described how Ms. Bean "determined the type of insurance required" during his deposition, and "State Farm knew or should have known that the actions of Valerie Bean would lead to another cause of action." (ECF No. 38 at 3.)

But Plaintiff applies an incorrect standard. The standard is whether <u>Plaintiff</u> knew or should have known about the actions of the agent.[25] Plaintiff clearly knew Ms. Bean

---

[23] Def.'s Mem. in Opp. (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)).
[24] Fed. R. Civ. P. 41(d) states, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."
[25] *See Farr*, 2020 WL 5118068, at *2 (citing *Gorsuch*, 771 F.3d at 1240; *Green v. Blake*, No. 18-2247-CM, 2020 WL 816016, at *2 (D. Kan. Feb. 19, 2020)

9

sold him the policy—it was disclosed in his initial disclosures as early as September 2019,[26] and he testified as much in his deposition in May 2020. (*See* ECF Nos. 25; No. 40 at 3.) Plaintiff fails to explain the four-month delay between Plaintiff's deposition—when he contends Defendant should have been aware of the potential claim—and his request to amend. Even if Plaintiff did not fully realize the importance of the sale of the policy until Defendant filed its summary judgment motion in early July 2020, Plaintiff does not at all explain his two-month failure to seek leave to amend his claim until the eve of the pretrial conference in September.

"A party does not demonstrate good cause to modify a scheduling order to accommodate an otherwise untimely motion to amend by simply pointing to information learned after that deadline. Rather, the party must also show it acted diligently in moving to amend once it learned of this new information."[27] Here, Plaintiff has neither shown diligence, nor frankly, even attempted to do so. Without an attempt by Plaintiff to demonstrate good cause, the Court is simply unable to find it. And, without a finding of good cause, the Court must deny Plaintiff's motion as untimely.[28]

The absence of good cause is a sufficient reason to deny Plaintiff's motion. But even if this Court found good cause for the belated amendment, the Court finds Plaintiff's

---

[26] Pl.'s Initial Disclosures (dated Sept. 14, 2019); Pl.'s Am. Initial Disclosures (dated Nov. 22, 2019) (maintained in Chambers file).

[27] *Farr*, 2020 WL 5118068 at *1.

[28] *See id*. at *4 (finding, "Because the court cannot find good cause to extend the scheduling order deadline, the court denies the motion as untimely.") (citing *Husky Ventures*, 911 F.3d at 1019 (the court can deny a motion to amend for failure to show good cause within the meaning of Rule 16(b)(4)).

request also fails on the Rule 15 analysis. Each factor considered under this analysis is considered in turn: timeliness, prejudice to the other party, bad faith, and futility of amendment.

### 1. Timeliness

The analysis of timeliness goes hand in hand with the consideration of good cause. Although an amendment may occur at any stage of the proceedings, and delay alone is not a sufficient reason to deny a request for amendment, delay may become undue, "placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."[29] Such undue delay justifies denial of leave to amend.

As described above, Plaintiff offers no explanation for his delay in seeking amendment. At earliest, Defendant's Answer suggests Plaintiff is unable to recover relief under "the insurance policy in which [Plaintiff] seeks coverage because the building . . . was not insured for Accidental Direct Physical Loss . . . at the time of the event described in plaintiff's Petition." (Ans., ECF No. 8, filed Sept. 16, 2019.) This should have led to questions regarding the type of coverage provided under the policy. But even at latest, Plaintiff was fully aware of Defendant's defense to the lawsuit upon its filing of the summary judgment motion on July 10, 2020. (ECF No. 28.) Plaintiff took no steps to seek amendment before submission of the proposed pretrial order two months later and did not seek leave to amend until after the conference with the Court.

---

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *USX Corp. v. Barnhart,* 395 F.3d 161, 167 (3d Cir. 2004)).

As observed by the Tenth Circuit Court of Appeals, "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target,"[30] to "salvage a lost case by untimely suggestion of new theories of recovery,"[31] to present "theories seriatim" in an effort to avoid dismissal,[32] or to "knowingly delay raising an issue until the 'eve of trial.'"[33] And, courts "do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order."[34]

In the 2006 Tenth Circuit case of *Minter v. Prime Equipment Co.*,[35] despite the above considerations, the court found plaintiff provided an adequate explanation for the delay. Here, however, there has simply been no explanation. Therefore, for similar reasons as finding undue delay above, the Court finds Plaintiff's request untimely.

### 2. Prejudice to Defendant

The most important "factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party."[36] Plaintiff maintains Defendant is not prejudiced because he has no objection to continuing discovery after the pretrial conference, and because Ms. Bean is Defendant's agent, they can "simply call her and

---

[30] *Id.* (quoting *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir.1998)).
[31] *Id.* (quoting *Hayes v. Whitman,* 264 F.3d 1017, 1027 (10th Cir.2001)).
[32] *Id.* (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir.1994)).
[33] *Id.* (quoting *Walters v. Monarch Life Ins. Co.,* 57 F.3d 899, 903 (10th Cir.1995)).
[34] *Id.* (quoting *Wilson v. Muckala,* 303 F.3d 1207, 1215–16 (10th Cir. 2002)).
[35] *Id.*
[36] *Id.* at 1207-1208. (citing *United States v. Hougham,* 364 U.S. 310, 316 (1960)) (other internal citations omitted).

discover the factual circumstances." (ECF No. 38 at 3.) But this is an oversimplification of the issues.

To date, Plaintiff has taken no discovery. As noted by Defendant, if Plaintiff were permitted to pursue an entirely new cause of action at this late stage, Defendant would be forced to prepare an entirely different defense, after spending the whole of the case—including dispositive briefing—defending Plaintiff's original claim.

To determine whether Defendant is unfairly prejudiced, the Court looks to whether the "amended claims arise out of a subject matter different from what was set forth in the complaint" or "raises new factual issues."[37] Here, the proposed amendment does both. The factual scenario underlying the original complaint was: Plaintiff and Defendant were parties to an insurance contract which Plaintiff contended Defendant breached. The factual scenario of the amendment, while related to the same underlying contract, is much different: Plaintiff contends Defendant's agent sold the wrong type of contract. This will require the parties to engage in discovery surrounding the interactions between Plaintiff and Ms. Bean—a topic which, on review of the docket and briefings, has not been previously investigated.

This also requires the Court to manage this case for a second time; reopening the discovery period and setting new pretrial and trial deadlines. Although extensions to deadlines are routinely sought, extending the life of this matter under these circumstances only increases the prejudice to Defendant, in terms of both time and expense. For these

---

[37] *Id.* at 1208 (internal citations omitted).

reasons, the Court finds permitting Plaintiff's amendment at this late date would be unduly prejudicial.

### 3. Bad Faith

Neither party addresses bad faith, and the Court finds is no evidence of the same. The Court finds this factor neutral to the analysis.

### 4. Futility

As the party opposing amendment, Defendant bears the burden of establishing its futility.[38] But Defendant does not oppose the amendment on the basis of futility, and aside from Plaintiff's conclusory representation that the proposed amendment "is not futile"—no detailed arguments on futility are presented. Finding no opposition to the motion on futility, the Court finds this factor also neutral to its analysis.

### D. Conclusion

Although leave to amend should be freely given, such that parties have the opportunity to pursue their claims on the merits, this liberal leave to amend is provided when there is an absence of undue delay and prejudice to the opposing party.[39] Here, the Court finds an unjustified delay which Plaintiff did not attempt to explain. And, an insurmountable prejudice would be forced upon Defendant if Plaintiff is allowed to pursue

---

[38] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[39] *See Minter*, 451 F. 3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178 (1962)) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

a new cause of action at this late stage of the case. At this juncture, after having conducted no discovery on his original claim, Plaintiff's belated request for amendment appears to be an attempt to salvage a lost case. Therefore, the undersigned recommends denial of Plaintiff's motion.

### III.   Recommendation

For the reasons outlined above, **IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Leave to File Second Amended Complaint **(ECF No. 37)** be **DENIED** and Defendant's Motion to Strike Plaintiff's Untimely Negligence Claim **(ECF No. 34)** be **GRANTED**.

**IT IS FURTHER ORDERED** that this Report and Recommendation be served on the parties electronically through the Court's CM/ECF system.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), either party may file a written objection to the proposed recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[40]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of April, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[40] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).