## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN P. PIERCE AS TRUSTEE
OF THE STEVEN PIERCE TRUST
DATED APRIL 14, 2000,

*Plaintiff,*

vs.

Case No. 6:19-CV-01245-EFM-GEB

STATE FARM FIRE AND CASUALTY
COMPANY,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 42) that the Court grant Defendant State Farm Fire and Casualty Company's Objection to and Motion to Strike Plaintiff's Untimely Negligence Claim (Doc. 34) and deny Plaintiff Steven P. Pierce's Motion for Leave to File Second Amended Complaint (Doc. 37). Plaintiff Pierce filed an objection to the Magistrate Judge's Report and Recommendation (Doc. 47). For the reasons stated below, the Court overrules Pierce's objections and adopts the recommended decision of the Magistrate Judge.

### I.    Factual and Procedural Background

Plaintiff Pierce brought this suit against Defendant State Farm for breach of contract in Butler County District Court in August 2019. Shortly thereafter, Defendant State Farm removed the action to this Court. On November 12, 2019, the Magistrate Judge entered a Scheduling Order,

setting a deadline of December 20, 2019, for the amendment of pleadings, a discovery deadline of August 21, 2020, and a pretrial conference for September 11, 2020. State Farm sought written discovery from Pierce and conducted two depositions in 2020, whereas Pierce did not conduct discovery in this matter. Neither party requested amendment of the scheduling order until the eve of the pretrial conference.

In July 2020, the parties filed competing motions for summary judgment. On September 4, 2020—while those motions were pending—the parties submitted a proposed pretrial order. In the proposed order, Pierce asserted a single claim of "reformation of the contract to provide coverage"—a claim not previously asserted. The proposed order did not contain the original claim for breach of contract. On September 9, 2020, State Farm filed an objection to, and motion to strike, the newly asserted claim. The Court continued the September 11, 2020, pretrial conference so the parties could confer regarding these new issues. Pierce filed a motion for leave to amend his complaint on September 22, 2020.

On February 8, 2021, this Court granted summary judgment for State Farm on Pierce's breach of contract claim and simultaneously denied Pierce's cross-motion for summary judgment as moot. Because Pierce's Motion for Leave to Amend remained pending in the case, the Court did not close the case. In April 2021, the Magistrate Judge considered the two pending motions and recommended that the Court grant State Farm's Objection to and Motion to Strike Plaintiff's Untimely Negligence Claim and deny Plaintiff Steven P. Pierce's Motion for Leave to File Second Amended Complaint. Pierce now objects to the Magistrate Judge's Report and Recommendation.

## II.      Legal Standard

### A.      Objection to a Magistrate Judge's Dispositive Order

The Court reviews de novo any part of a magistrate judge's disposition on dispositive motions to which parties properly object.[1]  When a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, that ruling is to be treated as dispositive.[2]  A party's objections to a magistrate's order must be timely and specific.[3]  The court "may accept, reject, or modify the recommended decision; receive further evidence, or recommit the matter to the magistrate judge with instructions."[4]

### B.      Amendment of Pleadings

After a scheduling order deadline, a party seeking leave to amend must satisfy standards set forth in Fed. R. Civ. P. 16(b) and 15(a).[5]  Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent."[6]  Good cause under Rule 16 "obligates the moving party 'to provide an adequate explanation for any delay.' "[7]  This may include a showing that "scheduling deadlines cannot be met despite the movant's diligent efforts," that the plaintiff

---

[1] Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[2] *Pedra v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (citing *Allende Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998)).

[3] *See* Fed. R. Civ. P. 72(b)(2) (stating objections must be timely filed within fourteen days of the magistrate judge's issuance of a recommendation).

[4] Fed. R. Civ. P. 72(b)(3).

[5] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

learned of new information through discovery, or that there was an underlying change in the law.[8]
"If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however,
these claims are barred."[9]

Under Rule 15, after the time to amend pleadings as a matter of course has passed, parties
may amend pleadings "only with the opposing party's written consent or the court's leave."[10]
Because Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be
decided on its merits rather than on procedural niceties,' "[11] courts "should freely give leave when
justice so requires."[12]  Courts, however, may deny leave to amend based on undue delay, bad faith
or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by virtue of allowance of the
amendment, or futility of amendment.[13]  The decision to allow a proposed amendment, after the
permissive period, is within the sound discretion of the court.[14]

### III.    Analysis

In his objection to the Magistrate's Report and Recommendation, Pierce fails to
specifically object to any of the Magistrate's findings.  Instead, Pierce merely reargues his Motion

---

[8] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration and citations omitted).

[9] *Id.* (citations omitted).

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[12] Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204.

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[14] *Foman*, 371 U.S. at 182.

for Leave to Amend and raises new issues not raised in his original motion.  This is not a proper objection.  Fed. R. Civ. P. 72 provides that when a magistrate judge has issued a report and recommendation on a dispositive pretrial matter, the party objecting to the recommendation has fourteen days to "file specific written objections to the proposed findings and recommendations."[15] "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors immediately."[16]  This narrowing of issues furthers the interests of judicial efficiency and relieves courts of unnecessary work.[17]  Thus, only objections that are "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will preserve an issue for review by the court.[18]

        In her Report and Recommendation, the Magistrate Judge noted that Pierce failed in his Motion for Leave to Amend to provide any justification for his delay in requesting amendment, thus failing to demonstrate good cause.  Now, Pierce again fails to provide an explanation for his delay or address the good cause standard discussed by the Court.  Although Pierce notes the "chaotic setting" of the COVID-19 pandemic as a backdrop to this case, Pierce does not explain how the pandemic affected his ability to diligently unearth his potential claims against State Farm or timely assert them.  In fact, Pierce notes that he has "no explanation for why [the new cause of action] was not noticed earlier."  When a party fails to "act with reasonable diligence in

---

[15] Fed. R. Civ. P. R. 72(b)(2).

[16] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citations and quotation marks omitted).

[17] *Id.* at 1059 (citations omitted).

[18] *Id.* at 1060.

unearthing—through the customary tools of discovery—the ostensibly 'newly discovered evidence,' " the party has failed to demonstrate good cause.[19]   Because Pierce has failed to demonstrate any cause at all for his extended delay in requesting amendment, he has failed to show good cause, and the Court need not reach the Rule 15(a) standard.[20]

**IT IS THEREFORE ORDERED** that Defendant's Objection to and Motion to Strike Plaintiff's Untimely Negligence Claim (Doc. 34) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 11th day of June, 2021.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19] *Husky Ventures*, 911 F.3d at 1021.

[20] *Tesone*, 942 F.3d at 990 (holding that a court need not address the requirements of Rule 15 where the plaintiff has failed to show good cause under Rule 16).